IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PATRICIA A. SIMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:24-CV-00347 |
| | ) |
| KAHRS LAW OFFICES, P.A., | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 38). This is Plaintiff's second motion to remand. At the time of her filing of the first motion to remand, Plaintiff's petition contained a claim under the FDCPA, necessarily setting forth a federal claim making removal permissible under 28 U.S.C. § 1441(c)(1)(A). Therefore, the Court denied the first motion to remand. See Order, Doc. No. 20. Subsequently, the Court granted Defendant's motion to dismiss the federal cause of action. See Order, Doc. No. 35. Therefore, the only remaining claim in this suit is a negligence claim pled under state law.

The Court has supplemental jurisdiction over the state law negligence claim. See 28 U.S.C. § 1367(a). However, the Court has discretion to decline the exercise of supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Although Defendant argues in its response to the motion to remand that this Court has expended time and resources to resolve the federal claim, thereby making it the better forum for resolving the state claim, Defendant's argument ignores the fact that this case has spent significant time in state court where a state court judge certified a class. This Court believes that the state court is well-equipped to handle the remaining proceedings in this action.

Defendant also argues in its opposition to the second motion to remand that this

Court has CAFA jurisdiction over the claims presented in this suit. Notably, Defendant argued the opposite in its response to the <u>first</u> motion to remand, arguing that many of damages alleged by Plaintiff are not available in negligence actions (such as claims for attorney's fees and expenses as well as credit monitoring services). Given that all of plaintiff's claims have been dismissed other than her claims for negligence, the Court does not believe that the damages potentially awardable in this case could exceed the CAFA amount in controversy of $5,000,000. 28 U.S.C.A. § 1332(d)(2).

Therefore, because the Court declines to exercise supplemental jurisdiction and finds CAFA jurisdiction lacking, Plaintiff's motion to remand (Doc. No. 38) is **GRANTED**. This case is remanded to the Circuit Court of Jackson County, Missouri. All other pending motions are **MOOT**.

**IT IS SO ORDERED.**

Dated:  March 31, 2025                                    **/s/ Fernando J. Gaitan, Jr.**
Kansas City, Missouri                                     Fernando J. Gaitan, Jr.
                                                          United States District Judge